# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| LOUIS F. TRAUTH, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:13CV01930 ERW |
| | ) | |
| FOREST LABORATORIES, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Louis F. Trauth, Jr. (registration no. 1224028) for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court will grant the motion and assess an initial partial filing fee of $33.28. *See* 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court will dismiss this action for lack of subject matter jurisdiction.

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1)

the average monthly deposits in the prisoner's account; or (2) the average monthly balance in the prisoner's account for the prior six-month period. *See* 28 U.S.C. § 1915(b)(1). After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. *See* 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id*.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. *See* 28 U.S.C. § 1915(a)(1),(2). A review of plaintiff's account statement indicates an average monthly deposit of $166.42, and an average monthly account balance of $48.97. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $33.28, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action is malicious if it is

undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir. 1987). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Id.* at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. *Id.* at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." *Id.* The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." *Id.* at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's conclusion is the most plausible or whether it is more likely that no misconduct occurred. *Id.* at 1950, 51-52.

3

Moreover, in reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

## The Complaint

Plaintiff, an inmate at the Georgia Department of Corrections in Davisboro, Georgia, seeks unspecified monetary damages in this action against defendants Forest Laboratories, Inc., Forest Pharmaceuticals, Inc., James Morrow, M.D., and H. Lundbeck. Plaintiff's allegations arise out of his use of the drug, Lexapro. More specifically, plaintiff claims that on September 29, 2003, after taking Lexapro as prescribed by a physician, he "shot and killed his wife of 37 years while experiencing hallucinations, hostility, outburst, depression, and memory loss." Plaintiff states that he "has suffered loss of consortium, injuries to his person, the wrongful death of his wife, and has been the victim of fraud, fraudulent concealment, misrepresentation, failure to warn, negligence, and strict liability."

Plaintiff states that he is a citizen of the State of Georgia; defendant Forest Laboratories is a corporation under the laws of the state of Delaware, having its principal place of business in New York; defendant Forest Pharmaceuticals is a corporation under the laws of the state of Delaware, having its principal place of

4

business in Missouri; defendant James Morrow, M.D., is a citizen of the State of Georgia; and defendant H. Lundbeck is a foreign corporation located in Denmark.

**Discussion**

At the outset, the Court notes that plaintiff is invoking federal court jurisdiction pursuant to 28 U.S.C. § 1332 (diversity); however, he also makes reference to 28 U.S.C. §1331 (federal question) and 28 U.S.C. § 1407 (a multidistrict litigation statute).

The Court finds that federal jurisdiction is lacking under 28 U.S.C. § 1332, given that both plaintiff and defendant Dr. James Morrow are citizens of the State of Georgia.[1] Moreover, federal question jurisdiction pursuant to 28 U.S.C. § 1331 is inapplicable, because plaintiff does not claim that the instant action arises under the Constitution, laws, or treaties of the United States. Although plaintiff complains that defendants failed to comply with the FDA's labeling requirements under 21 C.F.R. § 201.80(e) (providing that the labeling for prescription drugs shall describe serious adverse reactions and potential safety hazards), plaintiff does not claim, nor does it

---

[1]In addition, plaintiff has failed to allege that the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332.

appear, that this regulation provides a private right of action.[2] Last, § 1407 is a multidistrict litigation statute and does not confer federal jurisdiction in this case.[3]

For these reasons, the instant action will be dismissed for lack of federal subject matter jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #2] is **GRANTED.**

**IT IS FURTHER ORDERED** that plaintiff shall pay an initial partial filing fee of $33.28 within thirty (30) days from the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and

---

[2]Moreover, to the extent that plaintiff is attempting to assert a claim that Lexapro was "misbranded," the Court notes that it is the FDA that "has the authority to enforce the prohibition on misbranding by initiating injunction proceedings, criminal prosecutions, or seizure of the misbranded drugs." *Tucker v. SmithKline Beecham Corp.*, 596 F.Supp.2d 1225, 1229 n.3 (S.D. Ind. 2008).

[3]Title 28 U.S.C. § 1407(a) provides, as follows:
> When civil actions involving one or more common questions of fact are pending in different districts, such actions may be transferred to any district for coordinated or consolidated pretrial proceedings. Such transfers shall be made by the judicial panel on multidistrict litigation ... upon its determination that transfer for such proceedings will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions.

*See also* Fed. Judicial Ctr., Moore's Federal Practice Manual for Complex Civil Litigation § 31.13 (3d ed. 2000). The Court takes judicial notice of the fact that there is no multidistrict litigation involving the drug, Lexapro, presently pending in the United States District Court for the Eastern District of Missouri.

to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because this Court lacks subject matter jurisdiction over plaintiff's claims.

A separate Order of Dismissal shall accompany this Memorandum and Order.

So Ordered this 18th day of February, 2014.

_____
 **E. RICHARD WEBBER**
  **SENIOR UNITED STATES DISTRICT JUDGE**